# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CLARENCE JOHNSON et al, <br><br> Plaintiffs, <br><br> v. <br><br> MINNESOTA REVENUE, <br><br> Defendant. | Case No. 17-cv-0921 (SRN/FLN) <br><br><br> REPORT AND RECOMMENDATION |

This case is before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs ("Application"). ECF No. 2. For the reasons discussed below, the Court recommends that the Application be denied and this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Johnson has filed a number of lawsuits in the last few months in which he seeks to renew a number of claims he has pursued before in one way or another. See 17-cv-243, 17-cv-347, 17-cv-403, 17-cv-921. Many of Johnson's filings are not well-labeled and are difficult to decipher. In this case, Johnson seeks to have $5,160.73 he and his wife paid in taxes refunded by Defendant Minnesota Revenue. ECF No. 1 at 4.

An IFP application will be denied, and the action will be dismissed, when a plaintiff seeks a judgment against a party that is immune from being sued. 28 U.S.C. § 1915(e)(2)(B)(iii). In this case, the only defendant identified in the caption of the complaint is "Minnesota Revenue." However, this defendant is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment prohibits individuals from suing states and their agencies in federal court unless the state has consented to being sued

or Congress has abrogated the state's immunity by an express statutory provision. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Johnson's complaint includes no allegations that the State of Minnesota has consented to be sued in this matter, and he has not identified any act of Congress that would abrogate the State's immunity. Moreover, the Court cannot independently identify any legal grounds that would allow Johnson to avoid the States' immunity. Thus, the Court finds that Plaintiff's current lawsuit against Minnesota Revenue is barred by the Eleventh Amendment. Therefore, Plaintiff's IFP application must be denied, and this action must be summarily dismissed, pursuant to § 1915(e)(2)(B)(iii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Dated: May 17, 2017      __s/Franklin L. Noel___
                         FRANKLIN L. NOEL
                         United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a

copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.